NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZAINAB MALIK, | : | |
| | : | |
| Plaintiff, | : | Civil No. 14-5906 (JBS) |
| | : | |
| v. | : | |
| | : | |
| HON. MICHAEL DONIO, | : | **OPINION** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Zainab Malik, *Pro Se*
223862
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge**

Plaintiff, Zainab Malik, incarcerated at the Atlantic County Justice Facility, Mays Landing, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint must be dismissed for seeking relief from an immune defendant.

## BACKGROUND

Plaintiff seeks to sue a state court judge, Defendant Michael Donio, alleging that the judge has unconstitutionally refused to transfer his state court criminal case to drug court. Plaintiff contends that the judge used falsified records to deny him the opportunity to have his case heard in drug court, which he feels he needs. Plaintiff also argues that Judge Donio violated his constitutional rights by "putting [him] in a situation of conflict of interest with an alleged victim in [his] case." (Complt., ¶ 4, Statement of Claims).

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and asks this Court to order a change of venue and direct that a new judge be assigned to his case. (Complt., ¶ 5, Relief).

## DISCUSSION

### 1. **Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in

which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### 3. <u>Judicial Immunity</u>

Plaintiff seeks to sue Judge Michael Donio, a New Jersey Superior Court Judge sitting in Atlantic County.

It is well-established that judicial immunity extends to suits brought under 42 U.S.C. § 1983. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Additionally, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

Plaintiff allegations do not contend that Judge Donio is acting

5

outside of his jurisdiction or beyond his judicial capacity; rather, Plaintiff is unsatisfied with the decisions Judge Donio has made. As such, the complaint must be dismissed.

To the extent Plaintiff's Complaint seeks this Court's intervention in his state prosecution, such intervention is unwarranted under the doctrine of abstention. The doctrine has developed since *Younger v. Harris*, 401 U.S. 37 (1971), and it "espoused a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).[2] This Court will not interfere with Plaintiff's ongoing state court criminal matter, as Plaintiff has shown no extraordinary circumstances for doing so.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2), for seeking relief from an immune defendant and for failure to state a claim upon which relief may be granted.

---

[2] This Court also notes that if Plaintiff is convicted, he may not challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Nor can he seek monetary relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

6

An appropriate Order follows.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE, Chief Judge
                                        United States District Court

Dated: **October 6, 2014**